UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LISA MARIE SHANE,                                        Civil No. 08cv4858 MJD/JJK

                    Petitioner,

          v.                                                    **REPORT AND
                                                           RECOMMENDATION**

STATE OF MINNESOTA,

                    Respondent.

This matter is before the undersigned United States Magistrate Judge on

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254.  (Docket

No. 1.)   The case has been referred to this Court for a Report and

Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.   For the

reasons discussed below, it is recommended that this action be summarily

dismissed without prejudice pursuant to Rule 4 of The Rules Governing Section

2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is a prisoner at the Minnesota Correctional Facility in Shakopee,

Minnesota.  She is serving a 180-month prison sentence that was imposed in the

State District Court for Nobles County, Minnesota.   Petitioner was sentenced

after a jury found her guilty of second degree murder.  (Petition, p. (2), ¶s 1-6.)

---

[1]  Rule 4 provides that "[i]f  it plainly appears from the petition and any attached
exhibits that the petitioner is not entitled to relief in the district court, the judge must
dismiss the petition and direct the clerk to notify the petitioner."

After Petitioner was convicted and sentenced, she filed a direct appeal, claiming that there was insufficient evidence to support her conviction, and that the trial court erroneously imposed a sentence that exceeded the range prescribed by the state sentencing guidelines.  (Id., p. (3), ¶ 9.)[2]  The Minnesota Court of Appeals rejected all of Petitioner's claims on the merits, and affirmed her conviction and sentence on direct appeal.  State v. Shane, No. A06-1581, (Minn.App. 2008), 2008 WL 660543 (unpublished opinion).  Petitioner sought further review in the Minnesota Supreme Court, but her application for review (on direct appeal) was denied on May 28, 2008.  Id.

Petitioner's current habeas corpus petition indicates that she has filed a post-conviction motion in the state trial court, which apparently presents several old and new challenges to her conviction and sentence.  (Petition, p. (3), ¶s 10-11.)  That state post-conviction motion has not yet been decided.  (Id., p. (4), ¶ 11(a)(5).)

---

[2]  The Minnesota Court of Appeals identified the claims raised in Petitioner's direct appeal as follows:

"that (1) the evidence is insufficient to support her conviction; (2) the district court abused its discretion in admitting evidence of the infant's prior injuries; (3) the jury instructions were insufficient; and (4) the district court erred by imposing an upward sentencing departure."

State v. Shane, No. A06-1581, (Minn.App. 2008), 2008 WL 660543 (unpublished opinion) at * 1.

2

Although Petitioner's post-conviction motion is still pending in the state trial court, she has now filed an application for federal habeas corpus relief under 28 U.S.C. § 2254.   Petitioner presently claims that her conviction and sentence should be set aside because her conviction was (1) "obtained by use of [a] coerced confession," (2) "obtained by a violation of the privilege against self-incrimination," and (3) "obtained by a violation of the protection against double jeopardy."   (Id., pp. (5)-(6), ¶ 12.)   The Court finds, however, that Petitioner's current federal habeas corpus claims cannot be entertained at this time, because she has not yet exhausted her available state court remedies.

## II.  DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies.  28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982).  This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged errors raised by state prisoners.  O'Sullivan, 526 U.S. at 844; Rose, 455 U.S. at 518-19; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).  To satisfy the exhaustion of state remedies requirement, a prisoner must fairly present all of his or her claims to the highest available state

court, (in Minnesota, the State Supreme Court), before seeking relief in federal court.  O'Sullivan, 526 U.S. at 845.

In this case, it clearly appears that Petitioner did not raise any of her three current claims for relief in her direct appeal.  She may be attempting to raise some or all of her three new claims in her pending state post-conviction motion, but she cannot presently rely on that post-conviction motion to satisfy the exhaustion of state remedies requirement, because the claims raised in the post-conviction motion have not yet been presented to, and adjudicated by, the Minnesota Supreme Court.  Indeed, it appears that, as of now, Petitioner's state post-conviction claims have not even been addressed by the state trial court, (or the State Court of Appeals).

Again, a state prisoner must exhaust all of his or her available state court remedies for all of his or her claims before seeking habeas corpus relief in federal court.   Furthermore, a Minnesota state prisoner cannot satisfy the exhaustion of state remedies requirement unless all of his or her claims have been fairly presented to, and decided on the merits by, the Minnesota Supreme Court.  In this case, it clearly appears, on the face of the petition, that none of Petitioner's current claims for relief has been adjudicated by the Minnesota Supreme Court.  It is therefore evident that Petitioner has not satisfied the exhaustion of state court remedies requirement.

Because Petitioner has not exhausted her state court remedies, her

4

current application for federal habeas corpus relief cannot be entertained.  The Court must therefore recommend that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  It will be further recommended that the action be dismissed without prejudice, so that Petitioner can return to the state courts and attempt to satisfy the exhaustion requirement. Petitioner may return to federal court, if necessary, after the state courts – including the Minnesota Supreme Court – have reviewed, and decided the merits of, all of the claims that she seeks to present in federal court.  See Ashker v. Leapley, 5 F.3d 1178, 1180 (8th Cir. 1993).

Finally, the Court notes that Petitioner has applied for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a).  (Docket No. 2.)  That request must be denied, because petitioner has failed to state an actionable claim for habeas corpus relief.  See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## III.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2.  Petitioner's application for leave to proceed in forma pauperis, (Docket

No. 2), be DENIED; and

    3.  This action be summarily DISMISSED WITHOUT PREJUDICE.

Dated:   August 20, 2008

*s/ Jeffrey J. Keyes*

JEFFREY J. KEYES
United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and
Recommendation by filing with the Clerk of Court, and serving all parties by
September 5, 2008, a writing which specifically identifies those portions of this
Report to which objections are made and the basis of those objections.  Failure
to comply with this procedure may operate as a forfeiture of the objecting party's
right to seek review in the Court of Appeals.  A party may respond to the
objecting party's brief within ten days after service thereof.  All briefs filed under
this rule shall be limited to 3500 words.  A judge shall make a de novo
determination of those portions of the Report to which objection is made.  This
Report and Recommendation does not constitute an order or judgment of the
District Court, and it is therefore not appealable directly to the Circuit Court of
Appeals.